MATTER OF DIP—

In EXCLUSION Proceedings

A-12561169

*Decided by Board April 26, 1962*

Expatriation—Italian law—Acquisition of foreign nationality by operation of law—Acceptance—Effect upon citizenship of child.

(1) Where, under Italian law, a former Italian national reacquires Italian nationality automatically by operation of law after two years' residence in Italy, such "naturalization" does not cause loss of United States citizenship under section 2 of the Act of March 2, 1907, unless the person voluntarily manifests acceptance of the Italian nationality by a declaration or overt act.

(2) Where acceptance of Italian nationality acquired by operation of law has been manifested, expatriation dates from the first act evidencing acceptance of Italian nationality. (Modifies *Matter of M—*, 6—70, insofar as it relates to retroactive expatriation.)

(3) A child born abroad to a United States citizen parent subsequent to the parent's automatic reacquisition of Italian nationality by operation of law, but prior to acceptance of Italian nationality by the parent, is held to have been born at a time when the parent was still a United States citizen, so that the child became a United States citizen at birth.

EXCLUDABLE: Act of 1952—Section 212(a)(20) [8 U.S.C. 1182(a)(20)]—No immigrant visa.

## BEFORE THE BOARD

**DISCUSSION:** The case is before us by certification. The special inquiry officer ordered the applicant excluded upon the ground stated above and certified the decision to the Board for final decision. Applicant's admission will be ordered.

The applicant applied for admission on November 3, 1961, as a citizen of the United States. She was born in Italy but claims United States citizenship through her father, L—G—. Applicant is in possession of a United States passport issued to her on October 5, 1961. The Department of State considers her a citizen of the United States; the Service is of the belief that she is an alien. There is no issue of fact. The question involves a matter of law, and the differing positions are based on differing conclusions as to whether the applicant's father lost his citizenship prior to the birth of the applicant.

660

Applicant's father became a citizen of the United States by naturalization on April 11, 1919. He returned to Italy in 1921 and resided there until 1926 when he returned to the United States. In 1930 he again returned to Italy and has lived there since that date. (The applicant was born in Italy on September 1, 1937.) Applicant's father voted on June 2, 1946, in the Italian elections and lost his United States citizenship at that time if he had not lost previously (section 401(e), Nationality Act of 1940; 54 Stat. 1168).

The special inquiry officer found that the applicant's father had lost United States citizenship by becoming naturalized in Italy in 1932. The Department of State is of the belief that the applicant's father did not become naturalized in Italy but that his United States citizenship was lost in 1946 when he first voted in an Italian political election.

The special inquiry officer found that United States citizenship had been lost under section 2 of the Act of March 2, 1907 (34 Stat. 1228) which in pertinent part provides that:

any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws, * * *.

The special inquiry officer found that applicant's father had been naturalized in Italy under section 3 of Article 9 of the Italian Nationality Law of June 13, 1912, which provided for the recovery of Italian citizenship by one who:

having ceased to be an Italian citizen owing to the acquisition of foreign citizenship, has been resident in the kingdom for two years. (UNITED NATIONS PUBLICATION, LAWS CONCERNING NATIONALITY, July 1945, 269)

The special inquiry officer's position, correctly based upon precedents which are binding upon him, is that the Italian naturalization which became available to the applicant's father in 1932 when two years had passed after his return to Italy, was accepted by the applicant's father and brought about his expatriation. Acceptance is shown by his voting in 1946 in Italy. The acceptance manifested in 1946 is by fiction of law deemed an acceptance of the Italian naturalization as of the date it first became available. Thus, the applicant's father lost United States citizenship in 1932 and at the time of the applicant's birth in 1937 was an alien and could not pass United States citizenship to the applicant. The Department of State, on the other hand, is of the belief that an acceptance of foreign nationality acquired solely by operation of law cannot be accomplished by overt acts which are not a ground of expatriation in and of themselves, and applicant's father being a citizen of the United States until 1946 when he became expatriated by voting in Italy could and did pass United States citizenship to his daughter.

661

Until recently, both the Department of State and the Department of Justice followed a judicially sanctioned policy which, briefly, took cognizance of the fact that until July 1943, Italy regarded any naturalized American citizen of Italian origin who resided in Italy for two years after July 1, 1912, as having acquired Italian nationality by mere residence in Italy for a period of two years, without reg..rd to whether the naturalized American citizen had intended to reacquire Italian nationality.[1] The American Government did not consider the acquisition of Italian nationality by mere residence a "naturalization" which would cause loss of American citizenship under section 2 of the Act of March 2, 1907. Loss of United States nationality would, however, be found if the individual voluntarily manifested acceptance of the Italian naturalization by a declaration or overt act, such as acceptance of employment with the Italian Government, or the acceptance of Italian passport or identity card, voting in Italy, or joining an Italian political party. (Hackworth, *Digest of International Law*, Vol. III, Government Printing Office, 1942, pp. 207–217; *Barsanti* v. *Acheson*, 103 F. Supp. 1011, Mass. (1952), aff'd 200 F.2d 562, C.A. 1; *Rosasco* v. *Brownell*, 163 F. Supp. 45, 55 (E.D. N.Y., 1958); *United States* v. *Cuccaro*, 138 F. Supp. 847 (E.D. N.Y., 1956); *United States ex rel. DeCicco* v. *Longo*, 46 F. Supp. 170, Conn. (1942); *Matter of P—*, 9—362; Matter of M—, 6—70).

The abandonment of the position that expatriation can take place by reason of a foreign naturalization which arose solely by operation of law was announced by the Department of State in a letter dated March 10, 1960, addressed to the Service in the case of P—M— (Exh. 3). We take administrative notice that in pertinent detail, this letter reads as follows:

The Department of State, after the most careful consideration and study in the light of recent important court decisions, has reversed its long standing policy that expatriation under the first paragraph of section 2 of the Act of March 2, 1907 may be based upon the fact that a person has acquired a foreign nationality solely by operation of law (as, for example, under section 9(3) of the Italian Nationality Law of June 13, 1912), followed by overt acts voluntarily performed, which may be regarded as "acceptance" of the foreign nationality. Underlying this determination was the Department's belief, particularly in the light of the Supreme Court decision in the case of *Nishikawa* v. *Dulles* [356 U.S. 129 (1958)] that an administrative decision that a person has lost United States citizenship will be upheld by the courts only if the decision is based upon an act which must be both voluntary and specifically made expatriating by the statute.

The Board has taken notice of the change in the Department's position (*Matter of P—*, 9—362), but has not found it necessary

---

[1] After July 1943, the Italian government did give some recognition to the intention of the naturalized American citizen of Italian origin.

to reevaluate the established doctrine. The Service representative points out that a conflict exists in the position now taken by the Department of State and that required by Board precedents. He requests that the Board fully consider the matter, and he calls attention to the power of the Board to certify a case to the Attorney General for a ruling. It is counsel's position that even if expatriation can occur by the voluntary acceptance of naturalization which arises by operation of law, it is nevertheless error to make the naturalization effective as of the date it arose rather than the date of the voluntary act of acceptance.

We have reexamined the doctrine of expatriation by the performance of an act showing an acceptance of naturalization which arises by operation of law and we conclude that modification of the retroactive feature is in order. Because we can decide the case in this manner, we are not required to consider whether abandonment of the established doctrine itself is justified. *Nishikawa* reasserts the rule that the facts and law should be considered as far as is reasonably possible in favor of the citizen and that the burden is upon the Government to show by clear, convincing, and unequivocal evidence that the act of renunciation of citizenship was voluntarily performed (*Matter of P, supra*). There is, therefore, no longer any justification for indulging in the fiction that the act showing acceptance of Italian nationality invariably also shows a voluntary acceptance of Italian nationality as of the first possible moment such acceptance could be made. In the interval within which it was possible to make the choice of becoming an Italian national and the actual making of the choice, the individual may have been indifferent, undecided, or even hostile to the acceptance of Italian nationality. Under such circumstances, it would be far from relying upon evidence that is clear, convincing, and unequivocal in finding expatration occurred as of the first moment it was legally possible. Since there is nothing here to show an acceptance of Italian nationality prior to the time that the applicant was born, we must hold that applicant was born at a time when her father was still a citizen of the United States and that she became a citizen of the United States at birth. Her admission as a citizen must be ordered.

In view of the action taken, we see no necessity for certification of the case to the Attorney General. *Matter of M—*, 6—70, insofar as it relates to retroactive acquisition of Italian nationality, is modified.

ORDER: It is ordered that the appeal be sustained and that the applicant be admitted to the United States as a citizen of the United States.