## MATTER OF MONASTRA

## In SECTION 341 Proceedings

### A-11079022

*Decided by District Director*

*Approved by Assistant Commissioner December 12, 1963*

(1) A naturalized citizen of the United States who by operation of law automatically reacquired Italian nationality in 1940 following 2 years' residence in Italy did not upon that basis lose his U.S. citizenship under section 401(a) of the Nationality Act of 1940 when he voted in a political election in Italy in 1946, loss under that section being limited to naturalization obtained "upon his own application," but expatriated by performing an act separately designated as expatriatory in section 401(e) of that Act.

(2) A child of such naturalized citizen who acquired U.S. citizenship at birth in Italy in 1930, under sec. 1002, R.S.; who acquired Italian nationality in 1940 upon the automatic reacquisition of such nationality by her father; and whose father, until he voted in 1946, performed no act that might possibly have been regarded as a manifestation of acceptance of Italian nationality was not subject to compliance with the provisos to section 401(a), Nationality Act of 1940, or section 349(a)(1), Immigration and Nationality Act, at the time of her first entry into the United States in 1957 when 27 years of age.

The applicant was born in Italy on April 15, 1930. Her father was then a citizen of the United States having been naturalized on November 19, 1928. The father resided in the United States after his naturalization until 1929, from 1932 to 1935, from 1935 to November 1938, and from May 1958 to date. The applicant acquired United States citizenship at birth under section 1993, U.S.R.S., by virtue of the fact that her father was a United States citizen at the time of her birth and had resided in the United States prior thereto. The applicant entered the United States for the first time on July 27, 1957, in possession of a United States passport, at which time she was twenty-seven years of age.

At the time of applicant's birth in Italy her father had ceased to be an Italian citizen,[1] and thus the applicant did not acquire Italian

---

[1] When applicant's father became a naturalized citizen of the United States he lost his Italian Nationality pursuant to the provisions of Article VIII(1) of the Italian Nationality Law of June 13, 1912, which provided that "One loses citizenship when he of his own free will acquires a foreign citizenship and establishes or has established his residence abroad."

nationality at birth. Italian law as to nationality at birth is based on the principle of "jus sanguinis" [See Articles I and III of the Italian Nationality Law of June 13, 1912, then in effect]. Upon completion of two years' residence in Italy in 1940, the applicant's father automatically reacquired Italian nationality [2] [See *Hackworth*, Digest of International Law (1942) p. 212]. Article XII of the Italian Nationality Law conferred Italian citizenship upon applicant in 1940, as she was then the minor child of a person reacquiring Italian citizenship pursuant to the provisions of Article IX.[3] Thus, the applicant acquired dual nationality subsequent to her birth, in 1940, in accordance with Italian law.

At the time applicant and her father acquired Italian nationality, section 2 of the Act of March 2, 1907, [34 Sta. 1228; 8 U.S.C. 17] provided in pertinent part that any American citizen shall be deemed to have expatriated himself when he has been naturalized in any foreign state in conformity with its laws. The issue to be resolved in her case, therefore, is whether their automatic acquisition of Italian nationality imposed upon her the necessity of complying with the provisions of section 401(a) of the Nationality Act of 1940 [54 Stat. 1168; 8 U.S.C. 801] or section 349(a)(1) of the Immigration and Nationality Act.

Section 401(a), which became effective January 13, 1941, provided as follows:

A person who is a national of the United States, whether by birth or naturalization, shall lose his nationality by:

(a) Obtaining naturalization in a foreign state, either upon his own application or through the naturalization of a parent having legal custody of such person: Provided, however, That nationality shall not be lost as the result of the naturalization of a parent unless and until the child shall have attained the age of twenty-three years without acquiring permanent residence in the United States: Provided further, That a person who has acquired foreign nationality through the naturalization of his parent or parents, and who at the time is a citizen of the United States, shall, if abroad and he has not heretofore expatriated himself as an American citizen by his own voluntary act, be permitted within two years from the effective date of this Act to return to the United States and take up permanent residence therein, and it shall be thereafter deemed that he has elected to be an American citizen. Failure on the part of such person to so return and take up permanent residence in the United States during such period shall be deemed to be a determination on the part of such person to discontinue his status as an American citizen, and such person

---

[2] Article IX of the Italian Nationality Law of June 13, 1912, provided "He who has lost citizenship . . . may reacquire it . . . (3) after two years of residence in the Kingdom if the loss of citizenship has been due to the acquisition of foreign citizenship."

[3] Article XII of the Italian Nationality Law of June 13, 1912, provided that "minor nonemancipated children of those who acquire citizenship become citizens."

shall be forever estopped by such failure from thereafter claiming such American citizenship (54 Stat. 1168–1169; 8 U.S.C. 801) * * *.

This section was superseded on December 24, 1952, by section 349 (a)(1), quoted below, which insofar as it is relevant to the instant case has been interpreted to make still timely the arrival in the United States before 25 years of age of a child within the provisions of section 401(a) who on that date had not yet attained 23 years of age (8 I. & N. Dec. 511) :

(a) From and after the effective date of this Act a person who is a national of the United States whether by birth or naturalization, shall lose his nationality by—

(1) obtaining naturalization in a foreign state upon his own application, upon an application filed in his behalf by a parent, guardian, or duly authorized agent, or through the naturalization of a parent having legal custody of such person: Provided, That nationality shall not be lost by any person under this section as the result of the naturalization of a parent or parents while such person is under the age of twenty-one years, or as the result of a naturalization obtained on behalf of a person under twenty-one years of age by a parent, guardian, or duly authorized agent, unless such person shall fail to enter the United States to establish a permanent residence prior to his twenty-fifth birthday: And provided further, That a person who shall have lost nationality prior to January 1, 1948, through the naturalization in a foreign state of a parent or parents, may, within one year from the effective date of this Act, apply for a visa and for admission to the United States as a non-quota immigrant under the provisions of section 101(a)(27)(E) * * *

Absent any evidence of his intent to reacquire Italian nationality by establishing residence in Italy, the resumption of Italian nationality by the applicant's father under Article IX of the Italian law of June 13, 1912, may be deemed his "naturalization" within the meaning of section 2 of the Act of March 2, 1907, only if he has voluntarily and unambiguously manifested acceptance of Italian nationality by a declaration or overt action. Upon such manifestation during the effective period of that section, the final constituent element of voluntary "naturalization" comes into being, and the legal consequences are loss of nationality under section 2 (9 I. & N. Dec. 660; Int. Dec. No. 1259). There is no evidence of such manifestation on the part of the father prior to the repeal of section 2 on January 13, 1941, and, therefore, no basis upon which to conclude that when section 401(a) became effective on that date he was a person who had been expatriated by naturalization in a foreign country within the meaning of the legislation it superseded. Nor was the applicant herself old enough prior to that date to have performed any action constituting an election of Italian nationality on her part, assimilable to an act of acceptance on the part of her father and capable independently of effecting her loss of United States nationality (Cf. 1 I. & N. Dec. 476 and 496 and 3 I. & N. Dec. 761).

The second proviso to section 401(a) can scarcely have been aimed at expatriating a child who during the effective period of the 1907 Act automatically derived a foreign nationality as a result of the conferring of such nationality upon his parent by operation of law when the parent's acquisition of that nationality was not itself a "naturalization" within the meaning of the 1907 Act. It has been a long-standing rule, therefore, and one that is here reaffirmed that under such circumstances the child is not under the necessity of complying with that proviso (3 I. & N. 761, 765, *supra*).

With regard to the first provisos to section 401(a) and section 349(a) (1), in the instant case the applicant's father voted in a political election in Italy in 1946, an action that if performed prior to January 13, 1941, might be regarded as a manifestation of his acceptance of Italian nationality sufficient to constitute under the precedents cited the last element in his naturalization in a foreign country within the meaning of section 2 of the Act of March 2, 1907. That section had then been repealed and superseded by the Nationality Act of 1940.

The Nationality Act specifically provided in section 408 that the loss of nationality thereunder shall result solely from the performance by a national of the actions or fulfillment of the conditions set out in that Act (54 Stat. 1171; 8 U.S.C. 808). And the language of section 401(a) rules out loss of nationality thereunder by the applicant's parent on the basis of acquisition of a foreign nationality by operation of law by specifically limiting such loss to a naturalization obtained "upon his own application." There is no evidence indicating that applicant's parent at any time on or after January 13, 1941, obtained Italian nationality upon his own application. Giving the evident intended effect to section 408, it can only be found that, when he voted in 1946, he performed an action separately designated as expatriatory in section 401(e) of the Nationality Act and not that he was naturalized within the meaning of section 401(a). In view of the foregoing, there has been no "naturalization" within the meaning of that section and the applicant is not a person required to comply with the first proviso to section 401(a) or section 349(a) (1). No discussion is necessary, therefore, with regard to the timeliness in relation to those provisos of her entry into the United States when she was 27 years of age, and favorable action on her application for a certificate of citizenship is warranted.

**ORDER:** It is ordered that the application be granted and that a certificate of citizenship be issued.